NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL JAMES KENT, | No. 22-70013 |
| Petitioner, | DOI No. OI-PI-21-0685-I |
| v. | |
| DARRYL LACOUNTE, Director of the United States Bureau of Indian Affairs; DEB HAALAND, Secretary of the United States Department of the Interior; BUREAU OF INDIAN AFFAIRS; U.S. DEPARTMENT OF THE INTERIOR, | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Department of Interior

Argued and Submitted March 11, 2024
San Francisco, California

Before: S. R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Samuel Kent petitions for review of the Bureau of Indian Affairs' (BIA)

order denying his whistleblower retaliation complaint filed pursuant to 41 U.S.C.

§ 4712(c). The BIA's order concluded that, "[u]pon legal review, it is clear that 41

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 4712 does not apply to Indian Self-Determination and Education Assistance Act agreements made under Public Law 93-638, including the HIP and TTP administered by [the Pit River Tribal Council] in this case." Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 41 U.S.C. § 4712(c)(5), and we review an agency's order issued pursuant to § 4712(c) under the Administrative Procedure Act's arbitrary and capricious standard. *See* 41 U.S.C. § 4712(c)(5). We grant the petition in part, deny in part, and remand.

The Indian Self-Determination and Education Assistance Act of 1975 (ISDEAA), Public Law 93-638, provides that "the contracts and cooperative agreements entered into with tribal organizations pursuant to section 5321 of this title shall not be subject to Federal contracting or cooperative agreement laws (including any regulations), except to the extent that such laws expressly apply to Indian tribes." 25 U.S.C. § 5324(a)(1). Section 5321 pertains to "self-determination contracts." 25 U.S.C. § 5321. ISDEAA defines a "self-determination contract" as a contract:

> entered into under subchapter I [§§ 5321–32] (or a grant or cooperative agreement used under section 5308 of this title) between a Tribal organization and the appropriate Secretary for the planning, conduct, and administration of programs or services that are otherwise provided to Indian Tribes and members of Indian Tribes pursuant to Federal law, subject to the condition that . . . no [such] contract . . . shall be[,] . . . except as provided in section 5328(a)(1) of this title, subject to any Federal procurement law (including regulations)[.]

2

25 U.S.C. § 5304(j).

The laws that govern federal contracting and procurement are found in Title 41 of the U.S. Code (titled "Public Contracts"). Section 4712 of that title provides that an employee of a contractor or grantee "may not be discharged, demoted, or otherwise discriminated against as a reprisal" for making certain disclosures about a federal contract or federal funds, 41 U.S.C. § 4712(a)(1), subject to an exception for employees and contractors of the intelligence community, *id*. § 4712(f).

Kent argues that, because he was not one of the individuals excepted in section 4712(f), he is protected by section 4127(a)(1). This argument is without merit. ISDEAA creates a presumption that a federal contracting law does not apply to self-determination contracts unless that law expressly applies to Indian tribes. 25 U.S.C. § 5324(a)(1). Because section 4712 does not expressly apply to Indian tribes, ISDEAA self-determination contracts are exempt from its protection. That section 4712—the enactment of which postdates the current version of section 5324(a)(1)—does not specifically except employees of an Indian tribe is thus immaterial. *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Accordingly, because the Housing Improvement Program (HIP) contract was clearly a self-determination contract under ISDEAA, the BIA correctly concluded that section 4712 does not apply to the portion of Kent's complaint alleging

3

retaliation related to his disclosures about the HIP funds.

The Tribal Transportation Program (TTP) agreement here, however, was entered into pursuant to 23 U.S.C. § 202, not ISDEAA. Accordingly, the BIA's conclusion that "41 U.S.C. § 4712 does not apply to Indian Self-Determination and Education Assistance Act agreements *made under Public Law 93-638, including the. . . TTP*" assumes a premise that is not supported by the record before us (emphasis added).

In its appellate brief, the BIA argues that ISDEAA nevertheless applies to the TTP agreement by virtue of 23 U.S.C. § 202(b)(6)(A). That provision states that "all funds made available through the Secretary of the Interior under this chapter . . . shall be made available, upon request of the Indian tribal government, to the Indian tribal government for contracts and agreements . . . in accordance with [the] Indian Self-Determination and Education Assistance Act (25 U.S.C. 5301 et seq.)." 23 U.S.C. § 202(b)(6)(A). At oral argument, the BIA conceded that the record does not indicate that the Pit River Tribe ever requested that the TTP funds in this case be delivered pursuant to an ISDEAA contract or agreement. In addition, the agency has not explained the basis for its conclusion that the phrase "in accordance with" confers ISDEAA's protections—including the exemption from federal contracting laws—upon all contracts and agreements concerning TTP funds, such as the TTP agreement here. Because the BIA's order contained only

its conclusion and not its analysis, we grant Kent's petition related to the TTP funds and remand for a reviewable explanation as to why the BIA concludes that the TTP agreement is exempt from section 4712.

**GRANTED IN PART, DENIED IN PART, AND REMANDED.**[1]

---

[1] Each party shall bear its own costs. *See* Fed. R. App. P. 39(a)(4).